IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JONATHAN BOLAND,

    Plaintiff,

v.

PARKROSE SCHOOL DISTRICT; SHANNON ANASTASIADIS; MAURICE FRANCE; JUN KAWAGUCHI; DAVE RICHARDSON; KAREN GRAY; and MULTNOMAH COUNTY, OREGON,

    Defendants.

Case No. 3:19-cv-01049-SB

OPINION AND ORDER

**MOSMAN, J.,**

On November 27, 2019, Magistrate Judge Stacie F. Beckerman issued her Findings and Recommendation ("F&R") [ECF 24], recommending that County Defendants' Motion to Dismiss [ECF 6] be granted and that Parkrose Defendants' Motion to Dismiss [ECF 7] be granted as follows: (1) Plaintiff's Section 1983 claim should be dismissed with leave to amend, (2) Plaintiff's negligence and negligence *per se* claims should be dismissed with leave to amend, and (3) Plaintiff's fraudulent concealment claim should be dismissed with prejudice.[1] The Parkrose Defendants objected [ECF 27], and Plaintiff filed a response to the objection [ECF 29].

---

[1] In this litigation, the "County Defendants" are Shannon Anastasiadis and Multnomah County. The "Parkrose Defendants" refer to all other named defendants.

1 –OPINION AND ORDER

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

I agree with Judge Beckerman's reasoning. My only departure from her recommendations is to dismiss with prejudice Plaintiff's claims for negligence and negligence *per se*. I do so because Plaintiff has asserted that he does not intend to reassert these claims in future pleadings. Pl. Resp. [29] at 1. There is therefore no reason to grant Plaintiff leave to amend those claims.

//
//
//
//
//
//

## CONCLUSION

Upon review, I agree with Judge Beckerman's recommendation and I ADOPT the F&R [24]. I GRANT the County Defendants' Motion to Dismiss [6]. I also GRANT the Parkrose Defendants' Motion to Dismiss [7]. Plaintiff's Section 1983 claim is dismissed with leave to amend. All other claims are dismissed with prejudice. Plaintiff's amended complaint is due on January 16, 2020.

IT IS SO ORDERED.

DATED this ２⧸ day of January, 2020.

                                          MICHAEL W. MOSMAN
                                          United States District Judge